# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PHILLIP PARKS,**

              **Petitioner,**

      **v.**                                    **CASE NO. 19-3061-SAC**

**WARDEN SAM CLINE[1],**

              **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

The Court has conducted an initial review of the petition as directed by Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 and directs petitioner to show cause why this matter should not be dismissed as time-barred.

### Background

In 1997, petitioner was convicted in the District Court of Reno County, Kansas, on his no contest plea to the premeditated first-degree murder of his wife in June 1978. *State v. Parks*, 962 P.2d 486 (1998).

At the time of the murder, the sentence for premeditated first-degree murder in Kansas was life imprisonment. At the 1997 hearing on his plea, neither the prosecution nor the district court advised petitioner of the maximum possible sentence.

---

[1] The Court substitutes Warden Cline as the respondent in this matter. Under Rule 2(a) of the Rules Governing Habeas Corpus, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

At the sentencing hearing, the district court imposed a sentence consecutive to the petitioner's sentence from a New Mexico conviction, rejecting the portion of the plea agreement that recommended concurrent sentences.

On June 30, 2003, petitioner filed a state post-conviction action in the district court. That matter, Reno County Case No. 2003-cv-000355[2], was dismissed on July 30, 2003, and petitioner did not appeal.

In January 2015, more than 16 years after his conviction, petitioner filed a motion captioned as a motion to set aside a void judgment. The district court appointed counsel and conducted a nonevidentiary hearing on the motion. Counsel for petitioner advised the court that the motion should be treated as one to withdraw the no contest plea due to the failure to advise petitioner of the possible maximum penalty. The district court agreed to construe the motion as one to withdraw plea but denied relief because petitioner did not assert grounds to establish excusable neglect for the delayed filing.[3] The Kansas Supreme Court affirmed. *State v. Parks*, 417 P.3d 1070 (Kan. 2018).

## Discussion

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

---

[2] The Court has identified portions of the procedural background by reference to on-line records. *See* www.kansas.gov/countyCourts/search/records.
[3] Under K.S.A. 22-3210, *Plea of guilty or nolo contendere; time limitation*, a request to withdraw a plea of guilty or nolo contendere must be brought within one year unless there is showing of excusable neglect.

shall run from the latest of –

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date on which the judgment becomes "final". The United States Supreme Court has held that, in this context, direct review of a conviction does not conclude until the availability of direct appeal in the state courts and request for review in the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001)("[A] petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until – following a decision by the state court of last resort – after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." (quotation marks omitted)). The Rules of the Supreme Court allow a party ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a

prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003)(internal quotations omitted).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect

is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, id. at 324.

In this case, petitioner's conviction became final ninety days after the Kansas Supreme Court affirmed the sentence on July 10, 1998. The limitation period began to run in October 1998 and expired one year later, in October 1999.

Accordingly, this matter is time-barred and is subject to dismissal unless petitioner can establish grounds for equitable tolling. The Court will direct petitioner to show cause why this matter should not be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the clerk of the court shall substitute Warden Sam Cline as the respondent in this matter.

IT IS FURTHER ORDERED petitioner is granted to and including **May 17, 2019,** why this matter should not be dismissed due to his failure to file this action within the limitation period.

**IT IS SO ORDERED.**

DATED: This 17th day of April, 2019, at Topeka, Kansas.


                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          U.S. Senior District Judge