# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PHILLIP R. PARKS,**

        Petitioner,

    v.                            CASE NO. 19-3061-SAC

**WARDEN SAM CLINE,**

        Respondent.

## ORDER OF DISMISSAL

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On April 17, 2019, the Court filed an order directing petitioner to show cause why this action should not be dismissed as time-barred. Petitioner filed a timely response.

### Background

In 1997, petitioner entered a no contest plea to a 1978 murder. *State v. Parks*, 962 P.2d 486 (1998). In June 2003, he filed a state post-conviction action. That matter was dismissed in July 2003, and petitioner did not appeal.

In January 2015, petitioner filed a motion to set aside void judgment. The state district court, after appointing counsel and conducting a hearing, construed the matter as a motion to withdraw guilty plea and denied it, finding petitioner had not timely filed the motion and had not shown grounds for excusable neglect. The Kansas Supreme Court affirmed the dismissal. *State v. Parks*, 417 P.3d 1070 (Kan. 2018).

### Analysis

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a petition filed under § 2254

ordinarily must be filed within one year from the time the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking that review. 28 U.S.C. § 2244(d)(2). Because petitioner took no action to challenge his 1997 conviction until 2003, the limitation period ran, and he may proceed only if he establishes adequate grounds for equitable tolling.

Petitioner seeks equitable tolling on the following grounds: (1) he is actually innocent, (2) the judgment is void, (3) the prosecutor knowingly used perjured testimony[1], and (4) the prosecutor knowingly misled him into taking a defective plea.

Equitable tolling is appropriate when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(internal quotation marks omitted).

A petitioner seeking equitable tolling based on a claim of actual innocence must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him," *Bousley v. United States*, 523 U.S. 614 (1998)(quotations omitted), and must "support his allegations of constitutional error with new reliable evidence … that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has not made this showing. He does not support his claim of actual innocence with new evidence of any kind, nor does he offer any reason that he could not assert his claims during the one-year limitation period. The Court finds no ground to waive the

---

[1] Petitioner was charged with murder in Kansas based upon testimony given in a New Mexico trial on other charges. *State v. Parks*, 962 P.2d at 487. As noted, he entered a no contest plea in the Kansas case.

limitation period and concludes this matter must be dismissed.

## Certificate of Appealability

The Court next must consider whether to grant a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the ruling that petitioner failed to timely file this matter is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed as time-barred.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 24th day of May, 2019, at Topeka, Kansas.

                                                  S/ Sam A. Crow
                                                SAM A. CROW
                                                U.S. Senior District Judge